```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**DAVID BOGGS, doing business as
Emily's Trucking Company,**

      Plaintiff,

v.                                  Civil Action No. 2:10-cv-0608

**FOLA COAL COMPANY, LLC,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to remand, filed May 25, 2010.

### I.

Plaintiff David Boggs, who does business as Emily's Trucking Company ("trucking company"), is a West Virginia citizen. Defendant Fola Coal Company, LLC ("Fola"), is a West Virginia limited liability company. The trucking company agreed to haul coal for Fola. Their contractual relationship commenced in 2005. A series of annual renewable contracts followed up to and including 2009.

When the 2008 contract expired, the trucking company was required to bid for the 2009 renewal. The trucking company's

bid was accepted. The 2009 contract contained a termination provision. Either party could cancel the accord without cause with 90 days notice. A proviso, however, allowed termination without the necessary notice if the trucking company did not follow a certain "safety program" and did not undertake reasonable efforts to correct safety deficiencies.

Fola terminated the 2009 contract based on various alleged safety violations discovered during inspections of trucking company vehicles by the West Virginia Office of Miners' Health and Safety Training. The trucking company alleges that the stated termination rationale was "a subterfuge undertaken to hide the" true basis for Fola's withdrawal from the 2009 contract.

On March 4, 2010, Boggs instituted this action in the Circuit Court of Clay County. He alleges a claim for wrongful breach of contract. He seeks a declaration determining the rights, duties, and obligations of the parties, along with an award of compensatory damages. On April 23, 2010, Fola removed on diversity grounds.

On May 25, 2010, Boggs moved to remand. He asserts that Fola is owned by AMVEST West Virginia Coal, LLC ("AMVEST").

AMVEST is a West Virginia limited liability company.  Fola responds that complete diversity exists inasmuch as it adopts the citizenship of its corporate members rather than its owner.  AMVEST's corporate members are Virginia, Delaware, and Pennsylvania citizens.  Specifically, AMVEST is owned by both Nicholas-Clay Inc. and Terry Eagle LP.  Nicholas-Clay Inc. is a Virginia Corporation with its principal place of business in Pennsylvania.  The general and limited partners of Terry Eagle LP are TECPART Corporation and TEAGLE Company, LLC.  TECPART Corporation is a Delaware corporation with its principal place of business in Pennsylvania.  TEAGLE Company, LLC, is wholly owned by AMVEST Coal & Rail, LLC, which is wholly owned by AMVEST Corporation.  AMVEST Corporation is a Virginia Corporation with its principal place of business in Pennsylvania.

## II.

The court is vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  Section 1332(a)(1) requires "complete diversity" between the parties.  This means that no party may share common citizenship with any adverse party at the time of removal.  Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999).

The statute establishing diversity jurisdiction is strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Healy v. Ratta, 292 U.S. 263, 270 (1934); Schlumberger Indus., Inc. v. Nat'l Surety Corp., 36 F.3d 1274, 1284 (4th Cir. 1994). The removing party is charged with establishing that removal jurisdiction exists. Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994).

By statute, "a corporation . . . [is] deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S. Ct. 1181, 1185 (2010). In assessing the citizenship of other business associations, however, the Supreme Court has consistently found their members' citizenship determinative for diversity purposes. See, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," "the several persons composing such association," [and] "each of its members . . . .") (citations omitted); see also Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698, 702 (4th Cir. 2010) (noting that the Supreme Court has "made clear that artificial entities other than corporations are not citizens for diversity purposes and that courts must look

to the citizenship of their members when determining whether diversity jurisdiction exists") (citing Chapman v. Barney, 129 U.S. 677 (1889), and other authorities).

It is settled in this circuit that a limited liability company is a citizen of the state or states of which its members are citizens.  See General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004) (holding that a limited liability company is assigned the citizenship of its members); see also Ferrell, 591 F.3d at 701.  It appears that in cases such as this one, where a member is itself a limited liability company, the members of that entity must be considered as well. See Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.  And because a member of a limited liability company may itself have multiple citizenships -- the federal court needs to know the citizenship of each 'sub-member' as well."); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080-81 (5th Cir. 2008) (where one of the limited partnership defendant's members was itself a limited liability company, that member was held to be a citizen of the states of its members).

III.

Boggs contends that Fola's citizenship is that of its direct owner and sole member, AMVEST, a limited liability company organized under the laws of West Virginia. Fola responds that its citizenship is that of its once-, twice- and four-times removed corporate members: Virginia, Delaware and Pennsylvania. Boggs additionally relies upon Roche v. Lincoln Property Co., 373 F.3d 610 (4th Cir. 2004), rev'd and rem'd, 546 U.S. 81 (2005). He asserts that diversity jurisdiction depends upon the "real and substantial party in interest" separate and apart from the usual rules governing corporate and noncorporate citizenship.[1] (See Mot. to Remand ¶ 16 (stating that "there is no question that . . . [Fola], and not the myriad of nominal corporate parties identified in the Notice, is the real party in interest in this case")). Fola counters that Roche is no longer good law based upon its reversal by the Supreme Court.

Respecting the citizenship of AMVEST, the foregoing authorities support the reference to the citizenship of its

---

[1] Boggs also references the views of certain commentators to the effect that the citizenship of limited liability companies and other unincorporated entities should be determined in the same manner as corporations. As noted, binding precedent is to the contrary.

members. The leading commentators on federal subject matter jurisdiction are in accord with those authorities:

> [T]here is now abundant case law from courts at all levels of the federal judiciary throughout the country to the effect that the Carden principle is not limited to the facts of that case and applies to a wide range of unincorporated associations. Accordingly, whenever a partnership, a limited partnership, a joint venture, . . . . a religious or charitable organization, a governing board of an unincorporated institution, or a similar association . . . brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.
>
> . . . .
>
> By and large the Carden principle has been given a very expansive construction. But distinctions in the treatment accorded different but seemingly similar organizations abound. For example, as the numerous citations from every federal circuit in the nation in the note below makes clear, federal courts have considered the citizenship of all the members of limited liability companies, which have many of the legal characteristics of both partnerships and corporations.

13F Charles A. Wright et al., Federal Practice & Procedure § 3630.1 (3rd ed. elec. 2010)(footnotes omitted). In sum, binding precedent leaves little room for the argument that LLC members are not members, irrespective of their once, twice, thrice, or four times removed status in the unincorporated association.

Boggs' reliance upon Roche is likewise misplaced. He cites Roche for the settled rule that the "citizens upon whose

diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy."  Roche v. Lincoln Property Co., 373 F.3d 610, 613 (4th Cir. 2004), rev'd and remanded, 546 U.S. 81 (2005).

As noted in Roche, "nominal or formal parties, who do not have a significant interest in the outcome of the litigation, should not be able to use the federal courts."  Roche, 373 F.3d at 615.  In Roche, plaintiffs, who were Virginia residents, sued, inter alia, Lincoln Property Company ("Lincoln").  Lincoln principally did business in Texas and was chartered there.  After defendants removed, plaintiffs challenged subject matter jurisdiction.  They asserted that Lincoln was not a Texas corporation as suggested by defendants.  Instead, plaintiffs contended that Lincoln was a partnership with a Virginia resident partner.  The confusing evidentiary record, noted multiple times by the court of appeals, disclosed a web of incorporated and unincorporated associations that may or may not have been proper parties in the case.  See id. at 619 n.11 ("Lincoln's business structure is quite confusing . . . .").

The court of appeals, however, found significant that a entity not named in the complaint, EQR/Lincoln Limited Partnership ("EQR"), received the management fees for the apartment

8

complex that gave rise to plaintiffs' claims. It surmised as a result that both Lincoln and EQR should be parties to the controversy, which would have destroyed diversity jurisdiction. Inasmuch as defendants bore the burden of establishing diversity jurisdiction, and that extensive evidentiary development had occurred below without sufficient illumination of the jurisdictional facts, the court of appeals reversed and remanded the case with instructions for the district court to in turn remand it to state court.

A unanimous Supreme Court reversed. Writing for the Court, Justice Ginsburg observed as follows:

> Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State. It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity.

Lincoln Property Co. v. Roche, 546 U.S. 81, 84, 93 (noting also that "the Fourth Circuit had no warrant in this case to inquire whether some other person might have been joined as an additional or substitute defendant."). The Supreme Court additionally noted as follows:

> The Roches sued the entity they thought responsible for managing their apartment. Lincoln affirmed that it was so responsible. Complete diversity existed. The potential liability of other parties was a matter

9

> plaintiffs' counsel might have assiduously explored through discovery devices. It was not incumbent on Lincoln to propose as additional defendants persons the Roches, as masters of their complaint, permissively might have joined.

Id. at 94.

As endorsed by Boggs, there is no basis to conclude that Fola is a nominal or formal party. Fola is the party with whom the trucking company sought to do business. Fola and the trucking company established a lengthy contractual relationship, with each party apparently abiding by its obligations to the other for four years. Boggs chose to sue Fola and no other entity. Fola is represented by counsel and there is no suggestion that it is lacking the means to discharge any judgment rendered against it. Fola appears to have all the indicia of the "real and substantial party in interest." Id. at 615; see also Lincoln Property, 546 U.S. 81, 93, (2005) ("A named defendant who admits involvement in the controversy and would be liable to pay a resulting judgment is not nominal in any sense except that it is named in the complaint.").

Having identified that party, however, diversity jurisdiction does not evaporate. It is fortified. Once one applies the settled rules for establishing the citizenship of limited liability companies, the real party in interest, Fola, is

10

a citizen of states other than West Virginia. The decision in Roche does nothing to support remand.

As noted, inasmuch as unincorporated entities bear the citizenship of their members, and the corporate citizenship of the unincorporated defendant is grounded in Virginia, Delaware and Pennsylvania, the parties are completely diverse. See Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698, 702 (4th Cir. 2010).

IV.

Based on the foregoing reasons, it is ORDERED that plaintiff's motion be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: September 7, 2010

John T. Copenhaver, Jr.
United States District Judge